**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CARL KEITH,

    Plaintiff,

    v.                                            No. CIV 09-0889 MCA/ACT

STATE OF NEW MEXICO,
ALBUQUERQUE POLICE DEPARTMENT,
C. FISHERS ALBUQUERQUE POLICE
OFFICER BADGE #4484,
Z. COTTRELL ALBUQUERQUE POLICE
OFFICER BADGE #3412,
M. KLEINFELD ALBUQUERQUE POLICE
OFFICER BADGE #5178,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to make an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff's claims will be dismissed without prejudice. Plaintiff will be given leave to file an amended complaint.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R.

Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts that Plaintiff has been subjected to defamation through fraudulent police reports resulting in wrongful arrest and false imprisonment, battery followed by denial of medical care, and loss of wages and employment. No factual allegations are made in support of these contentions. Plaintiff seeks $5 million in damages.

Under recent Supreme Court rulings, Plaintiff's complaint does not state claims upon which relief can be granted. As noted above, "the plaintiff must allege enough factual matter, taken as true, to make his 'claim to relief . . . plausible on its face.' " *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). And as the Court of Appeals for the Tenth Circuit has stated, "to present a plausible right to relief . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (internal citations omitted). Plaintiff's complaint falls far short of these standards, and his claims will be dismissed without

prejudice, with leave to file an amended complaint. Failure to comply with this Order may result in final dismissal of this action.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this Order;

IT IS FURTHER ORDERED that Plaintiff's claims in the complaint are DISMISSED with leave to amend;

IT IS FURTHER ORDERED that, within twenty-eight (28) days from entry of this Order, Plaintiff file an amended complaint containing adequate factual allegations against specific Defendants; and the Clerk is directed to send Plaintiff a form § 1983 complaint.

SO ORDERED this 26th day of October, 2009.

_____
M. CHRISTINA ARMIJO
United States District Judge